

FILED 5:00 p.m.
MAY 21 2008
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| RON NIEDERKLOPFER, | ) | CV 07-24-H-DWM-RKS |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MIKE FERRITER, D.O.C. Director, et al., | ) | |
| Defendant. | ) | |

Plaintiff Ron Niederklopfer is a prisoner proceeding *pro se* in this action against Defendants pursuant to 42 U.S.C. § 1983, alleging that prison officials deprived him of his property without due process of law. Magistrate Judge Keith Strong entered Findings and Recommendation (dkt # 8) on March 13, 2008, in which he recommended dismissing Niederklopfer's complaint for failure to state a claim and as frivolous. See 28 U.S.C. § 1915A. After the Court granted him an extension of time to file objections to the Findings and Recommendation, Niederklopfer timely filed them, and is therefore entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1).

1

In his complaint, Niederklopfer alleges that prison officials took his property and destroyed it. His complaint alleges "injurys [sic] to personal property/tort." Dkt # 1. Judge Strong, applying the principle that pro se pleadings shall be liberally construed, construed this claim as one alleging deprivation of property without due process of law. In his objections, Neiderklopfer briefly states that he believes he stated a First Amendment claim because he was denied access to the courts when Defendants destroyed his legal papers.

As set forth in the Findings and Recommendation, because state law provides Niederklopfer with the opportunity to be compensated for property loss, he has not been deprived of property without due process of law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). The Court will adopt the analysis of the Findings and Recommendation on this point. Niederklopfer's complaint fails to state a claim for deprivation of property without due process of law in violation of the Fourteenth Amendment.

As for his First Amendment claim, Niederklopfer raises this theory for the first time in his objections. The claim is based on the same set of facts Niederklopfer set forth in his complaint. Niederklopfer filed with his complaint a copy of the MSP Incident Form Report (dkt. # 1, attachment 4), in which Correctional Officer ("CO") Wilson reported that CO Foster, after

2

…

arguing with Niederklopfer about whether the COs were following prison policy regarding prisoner property, told Niederklopfer to ether sign a grievance form, or refuse to sign it in which case Foster was going to "take this [the prohibited property] back up to the property office and destroy it all right now." In the documents Niederklopfer filed along with his complaint, he alleges that amongst the property Foster destroyed were legal documents. See dkt. # 1, attachment 6. In his objections, Niederklopfer claims that when Foster destroyed the legal documents, Niederklopfer was "hinder[ed] from making any new appeals on my court case." Dkt. # 10.

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. The right, however, "guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. . . . Lewis, 518 U.S. at 356-57.

To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an

actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. See Lewis, 518 U.S. at 349. An "actual injury" is an "'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" Lewis, 518 U.S. at 348.

Niederklopfer's allegation that his legal papers were improperly destroyed is insufficient to state a claim for denial of access to the courts. However, he states that the loss of these papers hindered him from making new appeals on his court case. As the law regarding the right of access to the courts shows, however, before Niederklopfer may proceed with a claim of denial of access to the courts, he must provide additional facts. These facts should include to what court case his objections refer, what "new appeals" he was planning to make, what claims he wanted to make, what steps he took or planned to take to attempt to access the courts, and how the destruction of his legal documents hindered those efforts.

Niederklopfer has failed to provide sufficient information to establish a claim for denial of access to the courts in his current pleadings. However, for the reasons set forth above, he may be able to cure these defects by amendment. Accordingly, the Court will allow Niederklopfer to file an amended complaint on the form attached to this Order, taking into account the guidance

4

provided in this Order.

Niederklopfer is further advised that his amended complaint must be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If Niederklopfer needs an extension of time to comply with this Order, he shall file a motion seeking an extension of time no later than thirty days from the date of service of this order. Should he fail to timely file an Amended Complaint, the Court will recommend that his Complaint be dismissed for failure to state a claim on which relief may be granted, and Niederklopfer's filing of the Complaint will count as one strike against him pursuant to 28 U.S.C. § 1915(g).

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. The Findings and Recommendation (dkt # 8) are adopted to the extent of the analysis of Niederklopfer's complaint construed as a claim for deprivation of property without due process of law.

2. On or before June 30, 2008, Niederklopfer may file an amended complaint. If Niederklopfer declines to file an amended complaint, he must file a notice with the Court indicating that he wishes proceed with his initial Complaint.

2. The Clerk of Court is directed to provide Plaintiff a form for filing an amended complaint. If Plaintiff submits an amended complaint, he must use the form. The amended complaint must be legibly written or typed in its entirety, it should be an original and not a copy, and it may not incorporate any part of the original Complaint or other documents by reference. Each allegation in the amended complaint shall be simple, concise, and direct. THE AMENDED COMPLAINT SHALL OPERATE AS A COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT TO) THE PRESENT COMPLAINT. Only the original document must be filed; copies are not necessary. The amended complaint should consist of a short and plain statement showing that Plaintiff is entitled to relief. Plaintiff must give clear factual information describing what occurred that allegedly violated his constitutional rights and he must specify what role each individual defendant took in those alleged deprivations. Plaintiff shall not set forth claims by merely stating legal conclusions. The amended complaint shall not contain legal argument, and shall not cite to legal authority, such as case law or statutes.

3. At all times during the pendency of this action,

Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Dated this 21st day of May, 2008.

Donald W. Molloy, District Judge
United States District Court